**HUEY vs. DRINKGRAVE.**

APPEAL FROM THE COURT OF THE SEVENTH JUDICIAL DISTRICT FOR THE

PARISH OF OUACHITA, THE JUDGE OF THE FIFTH PRESIDING.

Evidence taken down at the instance of the plaintiff, cannot be stricken out, on the cross-examination, on the ground that it contradicted or went to explain a written contract and was inadmissible. The motion to strike it out came too late; the objections should be stated when the testimony is offered.

This is an action to recover $350, the balance due on a note given for the sale and purchase of plaintiff's improvement on United States land. The act of sale was passed in August, 1839, and expresses on its face, that the plaintiff sells *a certain improvement* on government land, for the sum of $1,675. He prays judgment for the balance due.

The defendant pleaded the general issue; avers he is entitled to a credit on his note of $1,325, and by a special agreement is not to pay interest. He further avers that the plaintiff is indebted to him in the sum of $300, for 300 barrels of corn, which he gathered from the plantation, and which is now pleaded in compensation.

The plaintiff had judgment on the evidence adduced. His witnesses proved that the plaintiff did not sell the corn, then on the' land; and on their cross-examination defendant's counsel ascertained there was no other contract between the parties but the written one, or act of sale, and that the evidence was illegal, and should be stricken out, but which was refused, and he took his bill of exceptions. The defendant appealed.

*Downs & Copley*, for the plaintiff, insisted that parol evidence was admissible in this case. There was no real estate sold; only improvements, &c. 4 La. Rep. 22; 16 Idem 232.

*McGuire*, for the defendant, urged that his motion to strike out the parol evidence on the cross-examination was in time, and the motion should have been sustained. The illegality of the testimony could not be discovered until on the cross-examination, it was clear the witnesses were testifying as to the

construction of a written contract. It was not too late then to strike it out; and this principle is supported by Phillips on evidence.

*Morphy, J.* delivered the opinion of the court.

This action is brought to recover $350, being the balance of a note of a larger amount drawn by defendant to the order of plaintiff. The defence set up is a plea in compensation of three hundred dollars for three hundred barrels of corn, alleged to have been sold and delivered to the plaintiff, at the rate of one dollar per barrel. There was a judgment below in favor of the plaintiff, from which the defendant has appealed.

The evidence shows that plaintiff's claim is for the residue of the price of a sale he had made to defendant of an *improvement or settlement* by him made on public land, together with some negroes, cattle, farming utensils, &c. There was at the time a crop of corn standing on the land, of which no mention is made in the conveyance. Some time after, the plaintiff gathered and removed from the premises all the corn as his property, without any positive opposition on the part of defendant, who was then on the plantation. It is the value of this corn which the defendant offsets against plaintiff's demand, on the ground that plaintiff had no right to take it away as it passed with the sale of the settlement to him.

On the trial, several witnesses were offerred to prove that on various occasions, after the sale, the defendant had acknowledged that the corn belonged to the plaintiff, and had not been sold to him; after this testimony had been taken down, the defendant's counsel moved the court to strike it out, on the ground that it also appeared from the evidence that no subsequent contract had intervened between these parties; that it went to contradict or explain a written contract, and was inadmissible. The judge, in our opinion, correctly overruled this motion. It came too late; the party should have stated his objections to the testimony offerred before it was taken

WESTERN DIS. down. As to its effect when once taken, this court has fre-
October, 1841. quently held, that it will bind the parties even in regard to the
LECOMTE sale of real property. 1 Martin N. S. 456; 4 La. Rep. 22
vs.
SMART. and 64. The testimony leaves no doubt in our minds that the
standing crop of corn was not included in the sale, and had
remained the property of the plaintiff.

It is therefore ordered that the judgment of the District
Court be affirmed with costs.